**STATE, for use and benefit of DADE COUNTY v. COLLISON, et al.**
Bond Estreature No. 5547.
Circuit Court, Dade County.
December 17, 1970.

Richard E. Gerstein, State Attorney, for the state.

Martin S. Saxon, Miami, for the defendants.

HAL P. DEKLE, Circuit Judge.

This cause came on to be heard on the motion of the defendant surety company to vacate the final judgment of forfeiture and discharge the estreated appearance bond.

The surety company urges that the delay between October 31, 1968, the date of estreature and July 2, 1970, the date of final judgment of forfeiture is contrary to the statute and therefore the judgment should be vacated and the bond discharged. In support of such ground the surety company cited and argued Attorney Generals' Opinion 058-113 dated March 26, 1958. (Biennial Report of the Attorney General 1957-1958, 620). The opinion cited is inconclusive and is based upon the recitation in the statute (903.28 F.S. 1957, now 903.27 F.S. 1969) as it existed as of the date of the opinion (1958) which statute provided in part that the prosecuting attorney shall immediately after the lapse of thirty days after the date of forfeiture, *"but in any event within one year from the said date"* commence prescribed proceedings to obtain a final judgment of forfeiture. (Italics added.)

However, the 1961 legislature in its enactment of section 3, chapter 61-406 amended this provision by deleting that portion of the preexisting section providing the one year limitation. Such one year limitation no longer exists. 903.27 F.S. 1967, 1969. The

time during which proceedings to obtain a final judgment were instituted is not unreasonable.

The motion to vacate is denied.